UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

        Petitioner,

v.                                                    CIVIL CASE NO. 97-40522
                                                       HONORABLE PAUL V. GADOLA

JERRY HOFBAUER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

This matter is pending before the Court on habeas petitioner Mark Anthony Reed-Bey's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). The motion seeks to set aside the Court's Opinion and Order denying Petitioner's habeas corpus petition. *See* Order, June 10, 1998 [docket entry #28]. Petitioner asserts that the Court erred by not reviewing the merits of his claims about his trial and appellate attorneys. He claims that, but for his attorneys' ineffective assistance, he would have been able to prove that he is actually innocent of the murder for which he was convicted.

      **I.**      **Whether the Motion Is a Second or Successive Habeas Petition**

A preliminary issue is whether Petitioner's motion constitutes a second or successive habeas petition. If it is, Petitioner must first ask the Court of Appeals for an order authorizing this Court to consider his application for relief. 28 U.S.C. § 2244(b)(3)(A). The Supreme Court has held that

> a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to §

2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

The Court denied Petitioner's habeas petition because two of his claims lacked merit and the remaining claims were procedurally defaulted. Although the Court addressed the merits of one of Petitioner's claims about trial counsel, the Court determined that Petitioner's other claims about trial counsel and his claims about appellate counsel were barred from substantive review.

Petitioner alleges that the Court misapplied the appropriate standard when it failed to review the substantive merits of all his claims about trial and appellate counsel. Because Petitioner is asserting that the Court's previous ruling, which precluded a merits determination on most of the claims, was erroneous, he is not making a habeas corpus claim. *Gonzalez*, 545 U.S. at 532 n.4. Therefore, his motion is not the equivalent of a habeas corpus petition, and he was not required to seek permission from the Court of Appeals to proceed in this Court.

## II. Whether Petitioner Is Entitled to Relief from Judgment

Federal Rule of Civil Procedure 60(b)(6) permits courts to relieve a party from an order or final judgment for any reason that justifies relief. To prevail on his motion, Petitioner must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context." *Id*. Furthermore, "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Id.*

The Court stated in its dispositive opinion that the majority of Petitioner's claims were procedurally defaulted because Petitioner had not raised those claims in both of the State's appellate courts and Petitioner no longer had an available remedy to exhaust. Petitioner does not question the

Court's conclusion that the majority of his claims were unexhausted and that he had no available state remedy to exhaust. Instead, he appears to be alleging that the Court misapplied the gateway standard for review of procedurally defaulted claims. He asserts that he is innocent of the crime for which he was convicted and that his innocence excuses his procedural default. Petitioner relies on *House v. Bell*, 547 U.S. 518 (2006), in which the Supreme Court concluded that the habeas petitioner had satisfied the gateway standard for proceeding with his procedurally defaulted claims because he "had put forward substantial evidence pointing to a different suspect." *Id*. at 554-55.

This Court determined in its dispositive opinion that Petitioner had not asserted a credible claim of actual innocence. In reaching this conclusion, the Court summarized the evidence, using the following excerpt from the state appellate court's opinion:

> [T]he testimony demonstrated that defendant was seen near the victim's home at the approximate time of the murder. Defendant's fingerprints were found on the bottom of a slat on the window blind in the victim's home near blood stains. Defendant's shoes were found in a bag in the home and the shoes were splattered with blood matching the victim's blood type. Defendant was aware of the fact and manner of the victim's death before being informed of these facts by others. Defendant had scratches on his back and was wearing new clothes shortly after the time of the murder. There was no sign of forced entry into the victim's home, although the screen was removed from the bathroom window in an apparent attempt to make it appear that there had been a burglary.
>
> [D]efendant told a friend shortly before the murder that he wanted to move out of the victim's house before he killed Timothy Monroe and [the victim]. The fatal wound was to the head and the weapon used was a handgun to which defendant had access. The medical examiner testified that the wound was consistent with that of a person on her knees with her head in a pillow.

*People v. Reed*, No. 133597 (Mich. Ct. App. Sept. 14, 1992), at 2 (alterations added).

The evidence, as summarized above, is substantial evidence of Petitioner's guilt. He has not offered any new and credible evidence in support of a claim of actual innocence. Therefore, he has failed to satisfy the standard for proceeding with his procedurally defaulted claims. This is not one

3

of the rare cases where, in light of some new evidence, it is more likely than not that any reasonable juror would have reasonable doubt. *House v. Bell*, 547 U.S. at 538.

### III.   Conclusion

Petitioner has not shown an "extraordinary circumstance" justifying the reopening of the Court's final judgment. Accordingly,

**IT IS HEREBY ORDERED** that the motion for relief from judgment under Rule 60(b)(6) [docket entry #50] is **DENIED**.

**SO ORDERED.**

Dated:   June 5, 2008                                              s/Paul V. Gadola
                                                                                    HONORABLE PAUL V. GADOLA
                                                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on     June 5, 2008    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                                            ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Janet A. Napp; Mark Reed-Bey               .

                                                                                    s/Ruth A. Brissaud
                                                                                    Ruth A. Brissaud, Case Manager
                                                                                    (810) 341-7845

4